**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| Towanda Taylor, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Towanda Taylor, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Towanda Taylor ("Plaintiff"), is an adult individual residing in Baltimore, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of P.O. Box 570909, Dallas, Texas 75228, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of $16,000 (the "Debt") to Citi Financial, a division of Citigroup, Inc. (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Commercial Engages in Harassment and Abusive Tactics

12. The Plaintiff incurred the Debt in 2002.

13. The Defendants called the Plaintiff's place of employment and accused the Plaintiff's receptionist of being the Plaintiff and attempting to avoid their call.

1

14. The Defendants disclosed to the Plaintiff's receptionist that they were attempting to collect a Debt.

15. The Defendants misrepresented to Plaintiff's receptionist they were calling from Citi Financial when they were in fact calling on behalf of Commercial.

16. The receptionist finally made it clear that she was not the Plaintiff and disconnected the call. In response the Defendants called back four times.

17. The Defendants actions caused the Plaintiff's employer to take disciplinary action against the Plaintiff.

18. The Plaintiff returned the Defendants' calls and requested they no longer contact her at work.

19. Additionally, the Plaintiff sent a written request to the Defendants demanding they stop contacting her. The Defendants ignored that request and continued in their harassing tactics.

20. The Defendants failed to send any written correspondence informing the Plaintiff of her legal right to dispute the Debt, or any other legal right under state or federal law.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. The Plaintiff sustained damage in the form of lost wages as a result of a two day suspension from work due to the Defendants' calls to her office.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, frustration and embarrassment.

24. The Defendants' conduct was so outrageous in character, and so extreme in

degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

27. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

29. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Plaintiff at her place of employment, knowing that the Plaintiff's employer prohibited such communications.

30. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

31. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

32. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants

caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

33. The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

34. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

35. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

36. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

37. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2). in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

38. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

39. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

40. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

41. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants

continued collection efforts even though the Debt had not been validated.

42. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

43. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, ET SEQ.

44. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

46. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

47. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

48. The Defendants attempted to claim and enforce a right which the Defendants did not have a legal right to enforce or claim, in violation of MD. Code Comm. Law § 14-202(8).

49. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

50. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51.     The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

52.     Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

53.     The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff at work, after she requested in writing that they cease.

54.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

55.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

56.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

### COUNT IV
### COMMON LAW FRAUD

57.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

58.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Maryland.

59.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, frustration and embarrassment caused by the Defendants.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;
4. Actual damages pursuant to MD. Code Comm. Law § 14-203;
5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);
6. Actual damages from the Defendants for the all suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and
7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: May 12, 2010

        Respectfully submitted,

        By <u>/s/ Forrest E. Mays</u>

        Forrest E. Mays (Bar No. 07510)
        2341 N Forrest Drive, Suite 90
        Annapolis, MD  21403
        Telephone: (410) 267-6297
        Facsimile: (410) 267-6234
        Email: mayslaw@mac.com
        MD Bar No. 07510

        <u>Of Counsel To</u>
        LEMBERG & ASSOCIATES L.L.C.
        A Connecticut Law Firm
        1100 Summer Street, 3rd Floor
        Stamford, CT 06905
        Telephone: (203) 653-2250
        Facsimile:  (877) 795-3666
        ATTORNEYS FOR PLAINTIFF